# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MARK A. STEPHENS,**

        **Petitioner,**

        **v.**                              **Case No. 18-CV-534**

**LIZZIE TEGELS,**

        **Respondent.**

---

# RECOMMENDATION ON PETITION
# FOR A WRIT OF HABEAS CORPUS

---

Mark A. Stephens, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. (*See* ECF No. 1 at 2 (identifying the underlying state court case number as Waukesha County Circuit Court case number 2002CF000886)). Stephens has consented to the full jurisdiction of a magistrate judge. (ECF No. 3.) Therefore, the court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Stephens previously sought and was denied a petition for a writ of habeas corpus regarding the same underlying state court conviction. *Stephens v. Thurmer*, No. 09-C-760, 2010 U.S. Dist. LEXIS 87888 (E.D. Wis. Aug. 25, 2010); s*ee also Stephens v. Thurmer*, 09-CV-760, ECF No. 1 at 2 (identifying the underlying state court case number as Waukesha County Circuit Court case number 2002CF000886). The Court of Appeals for the Seventh Circuit denied Stephens's request for a certificate of appealability (Case No. 09-CV-760, ECF No. 38-1), and the United States Supreme Court denied Stephens's petition for writ of certiorari, *Stephens v. Thurmer*, 563 U.S. 980, 131 S. Ct. 2887, 179 L.Ed.2d 1199 (2011).

Although the issues he seeks to raise in his present petition are distinct from those presented in his prior petition, Stephens is nonetheless required to obtain leave from the court of appeals before this court can consider the petition. *See* 28 U.S.C. § 2244(b)(3). This may have been what Stephens had been attempting when he filed his present petition with the Court of Appeals for the Seventh Circuit. However, Stephens did not explicitly state he was seeking leave to file a second petition. Thus, from the court of appeals' perspective, it looked as if Stephens had simply filed his petition in the wrong court. (*See* ECF No. 1-2 (letter from court of appeals Pro Se Clerk stating, "The U.S. Court of Appeals received this document in error. We are forwarding it to the Eastern District of Wisconsin (Green Bay) for your consideration.").)

Stephens has not obtained authorization from the court of appeals to file this petition. "A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing." *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)). Therefore, the court must recommend that Stephens's petition be dismissed.

If Stephens wishes to proceed with his petition, he must first turn again to the Court of Appeals for the Seventh Circuit, this time making clear that he is seeking permission to proceed with a second habeas petition in this district. *See* Cir. R. 22.2 (7th Cir). The procedure for making such a request is set forth in Circuit Rule 22.2:

> Circuit Rule 22.2. Successive Petitions for Collateral Review
>
> (a) A request under 28 U.S.C. § 2244(b) or the final paragraph of 28 U.S.C. § 2255 for leave to file a second or successive petition must include the following information and attachments, in this order:
> (1) A disclosure statement, if required by Circuit Rule 26.1.
> (2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:
> (A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or
> (B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder

would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.

**IT IS THEREFORE RECOMMENDED** that Stephens's petition be **dismissed** for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b).

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may

be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 16th day of April, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge